Howard Kellogg, Jr., Spencer Kellogg, 2d, and The Marine Trust Company of Buffalo, as Trustees under the Trust Agreement Executed by Howard Kellogg under Date of April 26, 1923, Plaintiffs, v. Howard Kellogg, Martha K. Anderson, John N. Anderson, Cyrena Anderson, David Anderson, Howard Kellogg, Jr., Mary F. Kellogg, Howard Kellogg, III, Durrant Kellogg, Allan Kellogg, Stephen Kellogg and Spencer Kellogg, 2d, Defendants.

(And Four Similar Actions.)

Supreme Court, Erie County, March 4, 1938.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Fritz Fernow* of counsel], for the plaintiffs.

*James O. Moore*, for the defendants.

Swift, J. There is but one question in these cases: Did the creator of the trusts intend that such a dividend as that declared by Spencer Kellogg & Sons, Inc., on July 12, 1937, should be considered by the trustees as principal and not income?

The trust agreements of 1916 provided: " It is understood and agreed between the parties that any stock dividend or dividends, or distribution of property other than cash, received by the trustees at any time during the life of the trust upon the stock of Spencer Kellogg & Sons, Inc., shall for the purpose of this trust be considered principal and not income."

The dividend in question was paid in accordance with the following resolution adopted by the board of directors of Spencer Kellogg & Sons, Inc., on the 14th day of June, 1937:

" *Resolved,* that a dividend be and the same is hereby declared, payable, at the election of each stockholder, either in cash or in capital stock of this corporation, August 16, 1937, to stockholders of record at the close of business August 2, 1937, at the following rates:

" (a) 50c per share in cash; or

" (b) One share of capital stock for each 50 shares of capital stock now outstanding.

" Any stockholder electing to receive cash shall notify the Company * * * All stockholders who shall not have so notified the Company of their election to receive cash, will be paid their dividends in stock."

The trustees made no election. It seems to me quite clear that this dividend was not a " stock dividend " as that term is used in law. If all of the stockholders had elected to receive their dividends in cash, and consequently no stock had been issued, it would occur to no ɪne to call this payment a stock dividend. A stock dividend is declared only by the directors, and, therefore, it cannot be that the character of a dividend is to be determined by the actions of the stockholders. In this particular case most of the stockholders received their dividends in stock, but some elected to receive cash. That surely cannot make the same dividend a cash dividend in some instances and a stock dividend in others. Moreover, this dividend was paid not out of surplus but out of profits made during the current year, and it has none of the other usual attributes of a stock dividend. It was not simply a dilution of the existing shares, but it was an actual distribution of the property of the corporation to those who elected to take cash. After its payment the stockholders did not continue to own the same proportionate share of the assets of the corporation.

The guardian cites *Doland* v. *Williams* (101 Mass. 571) as an unusual dividend held to be a stock dividend. In that case the directors wanted to declare a stock dividend but were by law prevented from so doing, and they undertook to accomplish their desire by circumvention, and the Massachusetts court held that they had succeeded. It will be noticed that they paid out no cash. As one commentator says, if the corporation " really lets go the cash " (33 Harv. Law Rev. 885), no stock dividend results. A dividend in cash with the right to purchase new stock is not a stock dividend. Neither is a distribution of a corporation's holding of stock of another company, and for the same reasons a dividend payable in cash or stock at the option of the stockholder is not a stock dividend.

The trusts were created before the enactment of section 17-a of the Personal Property Law and after the decision in *Matter of Osborne* (209 N. Y. 450), and, as the law existed at that time, a trustee who received a stock dividend paid out of corporate surplus had to determine what part of the surplus was earned before the creation of the trust and what part after that time so as to be able to properly allocate the dividend to principal and to interest, unless the trust agreement itself provided otherwise. The fact that the creator of the trusts in these cases provided that stock dividends should become a part of the *corpus* does not persuade me that his first concern was that there should always be in the several trusts the same proportionate ownership of the assets of Spencer Kellogg & Sons, Inc. I can see no possible reason for any such concern. He knew the life tenants. They were his children, but who the remaindermen would be or into how many parts each trust fund would eventually be divided he could not know. In these cases there are no equities which pull the conscience of the court either one way or the other, but one purpose the creator did expressly declare: " Whereas, Mr. Kellogg is desirous of making provision for the maintenance and support of his daughter," and for that purpose he ordered the trustees to " collect the *dividends*, incomes, rents, issues and profits arising therefrom, and pay over the net income " to that daughter. As a matter of fact, if the dividend became principal the proportionate ownership would not remain, because some of the stockholder · elected to take cash. As I read the trust agreement it does not provide that any dividend other than cash shall be considered principal. To me it means that any stock dividend or stock dividends shall be considered principal, as also shall be any distribution of property other than a cash distribution. The intention of the creator of the trust was that any distribution by the corporation of the stocks or bonds of other companies owned by it should like any stock dividend go to the maintenance of the trust fund to insure a constant income to the life tenant, and nothing appears in the agreement to indicate that the creator intended that such a dividend as the one in question should be added to the principal.

I am also of opinion that the dividend in question was not a " stock dividend " or " other extraordinary dividend," to be credited to the account of principal within the intention of the creator of the 1923 trust.