In the Matter of the Estate of HELEN MacG. BYRNE, Deceased.

Surrogate's Court, New York County, January 16, 1948.

*William M. Chadbourne* and *Wilbur R. Shook* for William M. Chadbourne and another, as executors of Helen MacG. Byrne, deceased, petitioners.

*David C. Broderick,* special guardian for Sheila B. Taylor and others, infants, respondents.

*Eustace Seligman* for Lehman Corporation, *amicus curiæ.*

COLLINS, S.    This is an application by the executors and trustees for advice and direction as to the disposition to be made of certain dividends received by them on the stock of the Lehman Corporation and the General American Investors Company, Inc.    The testatrix died on October 18, 1945.    Her will disposes of her personal and household effects outright and creates various trusts of the remainder of her estate.    The executors and trustees are authorized to retain any investments owned by the decedent and are not restricted to legals in making

investments and reinvestments. At the time of her death the testatrix owned 1,800 shares of the stock of the Lehman Corporation and 5,200 shares of stock of General American Investors, Inc. Additional stock in both companies has been purchased by the petitioners as trustees.

Since the death of the testatrix the petitioners have received $23,608 in dividends from the General American Investors Co., Inc., and $11,430 in dividends from the Lehman Corporation. The corporations are investment companies of the general management type subject to the operation of the Investment Company Act of 1940 (U. S. Code, tit. 15, § 80a-1 *et seq.*) and each has elected classification for tax purposes under sections 361 and 362 of the Internal Revenue Code. Accordingly they are required to distribute annually not less than 90% of their income earnings from interest and dividends as well as all of their profits from net long term capital gains. In making such distribution they are required to advise their stockholders of the proportion of the total dividends derived from long term gains and the proportion attributable to income received on investments. The will of this decedent is silent in respect of the treatment to be given to these dividends and the question presented is whether the dividends belong wholly to income or are to be apportioned between the income and principal of the various trusts in accordance with the corporations' statements which accompanied the respective dividends.

The court holds that these dividends are payable wholly to income. The buying and selling of securities is the operating procedure of investment companies and the profits derived from such activities when distributed to stockholders in the form of dividends are income and not principal. The dividend is not unlike that received from a corporation engaged in the buying and selling of real property. When such corporations distribute the profits on the sale of property they are distributing " income and not dividing capital " (*Matter of Jackson,* 258 N. Y. 281, 288).

In no event could the allocation of the dividend made by the corporation for tax purposes govern estate administration. The dividend periods employed by the corporation cannot be used for estate accounting purposes. The value of the stock of such a corporation at the date of death of the owner or its value at the date of purchase by a fiduciary would control if allocation of dividends received on the stock was decreed. The value of the stock of an investment company does not fluctuate with the

transactions made within the portfolio of the corporation. There may be little or no change in the price of the stock of the company on the date of receipt or date of purchase by a fiduciary and the date of payment of the dividend. In making any allocation of the dividend it would be necessary, therefore, for the estate fiduciary to have an appraisal of the portfolio of the company as of the date of receipt or purchase of the stock and a like appraisal as of the date of each dividend. It is apparent that a fiduciary would not voluntarily assume such a burden and the court finds no necessity for imposing it. All of the dividends received by the fiduciary are directed to be paid to the income account.

Submit decree on notice accordingly.