In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee under a Trust Indenture with MARGARET BRUCE, as Settlor.

Supreme Court, Special Term, New York County, June 24, 1948.

*Gilbert Frei* for trustee, petitioner.

*Anthony J. Romagna,* special guardian for infants.

EDER, J. The National City Bank of New York, the petitioner herein, is the trustee under a trust indenture dated November 21, 1922, with Margaret Bruce. Petitioner applies for a judicial settlement of the account of its proceedings as trustee from the inception of the trust to October 30, 1946; it also asks that this court construe said trust instrument and advise and direct petitioner as to the disposition to be made of dividends declared by certain investment companies and for other and further relief as to the court may seem just and proper.

The property described in said indenture was assigned, transferred and set over unto the trustee to be held by it in trust for the following uses and purposes:

" I.   To apply the income thereof to the use of Charles L. Bruce and Margaret T. Bruce, children of the Settlor, or in case of the death of either of them, to the use of the survivor, or in case of the death of both of them, to the use of George Q. Bruce, a son of the Settlor, during the life of the Settlor.

" II.   Upon the death of the Settlor, to divide the principal thereof into three equal shares, one each for George Q. Bruce, Charles L. Bruce and Margaret T. Bruce, the children of the Settlor and to dispose of the principal and income of the said shares as follows:

" 1.   To apply the income of each share to the use of the child of the Settlor for whom the said share was set apart, during the life of such child.

" 2.   Upon the death of each child, to convey, transfer and pay over the principal of the share held for such child to the children born in lawful wedlock of such child of the Settlor and to the lineal descendants of any such children born in lawful wedlock, who may not then be living, in equal shares, per stirpes and not per capita, or if no such child or no such lineal descendant of such deceased child shall then be living, in equal shares, per stirpes and not per capita, to such lineal descendants of the Settlor as may have been born in lawful wedlock, or if none then living, to such persons as shall then constitute the heirs-at-law of the Settlor according to the laws of the State of New York, governing the descent of real estate."

The petitioner accepted its appointment under said indenture, received the trust property and additional property later added to said trust, and has ever since acted and is now acting as such trustee.

The property in the hands of the petitioner as trustee aforesaid is and constitutes specific personal property within this State, and clause fourth of the trust instrument provides that the trust created shall be deemed a New York trust and shall in all respects be governed by the laws of this State.

The settlor, Margaret Bruce, died on December 18, 1938; by reason of her death the income from the trust fund held by the trustee was thereafter payable in equal shares to her children, George Q. Bruce, Charles L. Bruce and Margaret T. Bruce, all of whom survived said settlor.

Clause third of the trust indenture regulates the trustee's power with respect to investments and provides as follows:

" Third.

" I.  The Trustee shall have full power and authority, in its absolute and uncontrolled discretion, to hold and retain any of the property coming into its hands hereunder in the same form of investment as that in which it is received by it, although the same may not be of the character of investments permitted by law to Trustees. It shall also have full power and authority, in its absolute and uncontrolled discretion, to sell, lease, improve, mortgage or exchange the whole or any part of such property, whether real or personal, upon such terms and conditions as may to it seem advisable, and to invest and reinvest any of the Trust Funds held hereunder, in such amounts as it may see fit, in such property, real or personal, as it may, in its absolute and uncontrolled discretion, deem advisable, although the same may not be of the character permitted for Trustees' investments by the ordinary rules of law.

" II.  In making or disposing of any such investments, the Trustee may purchase the same from, or sell the same to the National City Company, or any corporation, association, partnership or firm which may be affiliated with the Trustee or in which the Trustee may in any other way be interested, as freely as it might or could deal with an independent third party, and without any greater responsibility, all rules or provisions of law to the contrary being hereby expressly waived.

" III.  The son of the Settlor, George Q. Bruce shall have the right, at any time during his life, at his option, to direct the Trustee to retain any securities at any time held by it hereunder, or to direct the sale of any such securities and to designate the property in which the trust fund or any reinvestment thereof shall be invested, provided, however, that the Trustee shall be under no liability for any loss arising from any action so taken or omitted to be taken at the direction of the said George Q. Bruce.

" IV.  The Trustee shall apply any income from the property hereby transferred to it, or from any other property, conveyed, transferred, devised or bequeathed to it for the purposes of the trust hereby created, accrued but not due at the date of the receipt of such property by the Trustee, to the use of the beneficiaries hereunder, in the same manner as if it were income from the trust fund."

It is to be observed from paragraph III of said clause third that it directs that during the term of the trust agreement the settlor's son, George Q. Bruce, shall have the right to direct the trustee as to the purchase and sale of securities constituting the trust corpus.

It appears that in exercise of the power reserved to him in said clause third, paragraph III, of the trust indenture, said George Q. Bruce has from time to time directed the trustee as to the reinvestment of the trust funds and that in compliance with his directions the trustee has reinvested the trust fund in the stock of certain investment companies and that at the time of the account the principal investments of the fund were 1,746 shares of Fundamental Investors, Inc. and 1,022 George Putnam Fund Shares, and that at the present time substantially the entire trust fund is so invested.

It appears that the said named concerns in which the funds of said trust are now invested are subject to the operation of the Investment Company Act of 1940 (U. S. Code, tit. 15, § 80a-1 *et seq*); that each company has made an election to be classified as a regulated investment company for tax purposes under sections 361 and 362 of the Internal Revenue Act (U. S. Code, tit. 26).

In order to obtain certain exemptions from Federal income tax, the said companies are required to distribute in dividends to their stockholders substantially all of their net income, including the net long term capital gains realized on their investments, and they are further required to notify their stockholders periodically of the proportion of said dividends derived from income on investments and the proportion derived from long-term capital gains.

It appears from the account of petitioner's proceedings herein, as trustee as aforesaid, through October 30, 1946, that substantially all of said dividends, whether or not derived from capital gains, have been included in income and distributed to the income beneficiaries of said trust. Said dividends have included not only the ordinary income earned by said regulated investment companies by way of interest and dividends upon their investments, but also the profits earned by said companies on their security transactions, commonly known as their "capital gains."

Some doubt existed as to whether the portion of such dividends representing capital gains should have been distributed

to the income beneficiaries of said trust, or should have been retained by said trustee and added to the principal of said trust.

The account of the petitioner, as trustee under said trust indenture, and as prepared by it, showing, among other things, the receipt of the dividends declared upon the stock of said regulated investment companies and the distribution thereof to the income beneficiaries of said trust, on July 12, 1947, all the adult persons interested in the fund and entitled absolutely or contingently under the terms of the indenture, or by operation of law, to share in the funds or in the proceeds of the property held by said trustee as a part of said trust fund, executed an instrument wherein they confirmed the distribution of said dividends as income to the extent shown in said account, by authorizing the invasion of the principal of the trust to the extent that any part of said dividends should have been allocated to principal. This was done pursuant to clause first, paragraph III of said indenture, which reserved to the adult beneficiaries thereunder the right to direct the trustee to make payments out of the principal of said trust.

The trust indenture does not contain any specific instructions as to the treatment to be given said dividends and petitioner trustee alleges that it is unable properly to administer the trust fund and is of the belief that it cannot safely pay or apply the net income therefrom to the persons entitled thereto in the absence of a construction of the meaning of the word " income " as used in said instrument and in the absence of a direction of this court as to the disposition to be made of the dividends of such investment companies to the extent that said dividends constitute capital gains.

The situation at bar is very similar to that in *Matter of Byrne* (192 Misc. 451). Mr. Surrogate Collins there considered two investment companies which declared dividends similar to those under consideration here and determined that " The buying and selling of securities is the operating procedure of investment companies and the profits derived from such activities when distributed to stockholders in the form of dividends are income and not principal." (.P. 452.) He, therefore, directed that all of the dividends received by the fiduciary whether as ordinary income or as the result of capital gains, should be paid to the income account. I am in accord therewith.

In the instant case the trust instrument directs the payment of the trust income to the settlor's three named children. The

remaindermen are such issue as may survive them. The probable members of this class were unascertainable by the settlor. In addition, the settlor gave to her son, George Q. Bruce, full power of management over the trust investments and she permitted the full or partial revocation of the trust by the adult beneficiaries after her death. This power would therefore be held by her adult children during the minority of her grandchildren who were the probable remaindermen of the trust. It would therefore appear that it was the settlor's principal concern to provide for the life beneficiaries of the trust. Her gift to the unascertainable remaindermen was secondary and their interest was, at least during their minority, subject to termination by the life beneficiaries.

I accordingly conclude and hold that under the true meaning and construction of said trust indenture the word " income " as used therein includes dividends of an investment company subject to the operation of the Investment Company Act of 1940, declared to have been paid out of the net long term capital gains of said company, and are distributable to the life beneficiaries of said trust.

No objections have been interposed, and the account of the trustee is settled as filed, and a decree may be entered in accordance with the construction and direction here given.