John J. Dillon, S.
The successor trustee has instituted this proceeding to obtain a determination as to whether any portion of the dividends received on shares of stock in regulated investment companies is allocable to principal.
The testator died on June 26,1932 and his will and two codicils thereto dated June 2, 1925, March 31, 1931 and November 30, 1931, respectively, were duly admitted to probate pursuant to a decree of this court dated July 22, 1932. Under the terms of the will the testator expressly authorized and empowered his trustees to retain all of the assets owned by him at the time of his death and did not limit the trustees to legáis in making investments and reinvestments. The petitioner qualified as successor trustee on July 27, 1954 and subsequently it received the assets of the trusts created under article “ seventh ”, a portion of which consisted of shares of stock in 15 corporations which are registered under the Investment Company Act of 1940 (U. S. Code, tit. 11, §§ 72, 107; tit. 15, §§ 80a-l to 80a-52) and which have elected to be classified for tax purposes under sections 851 *540 and 852 of the Internal Revenue Code as regulated investment companies. The dividends received on the stock of the aforesaid corporations consist in part of earnings from interest and dividends and in part from the profits realized from long-term capital gains. The court is required to determine whether all of the dividends received by the petitioner on the aforesaid stock is payable to the income beneficiaries of the trusts created under article ‘ ‘ seventh ’ ’ of the will, or whether a portion of the dividends is to be retained by the petitioner as principal.
In Matter of Byrne (192 Misc. 451) Surrogate Collins in holding that all of the dividends in a case such as this are payable to the income beneficiary, stated (p. 452) that: “ The buying and selling of securities is the operating procedure of investment companies and the profits derived from such activities when distributed to stockholders in the form of dividends are income and not principal. The dividend is not unlike that received from a corporation engaged in the buying and selling of real property. When such corporations distribute the profits on the sale of property they are distributing ‘ income and not dividing capital ’ (Matter of Jackson, 258 N. Y. 281, 288).” Other courts have been required to resolve the same issue and in each instance it was held that the dividends received from regulated investment companies were to be treated as income, in spite of the fact that a portion of the dividends were derived from long-term capital gains. (See Matter of Hurd, 203 Misc. 966; Matter of Bruce, 192 Misc. 523; Matter of Appleby, 15 Misc 2d 200.)
Accordingly, the court determines that the petitioner should pay all of the dividends received by it on the stock of the regulated investment companies to the income beneficiaries of the trusts.
Settle decree.