S. Samuel Di Falco, S.
In this proceeding to settle its account, the corporate executor, which is also the trustee, has requested a construction of Item Four of the decedent’s will. It is its contention that the language of the paragraph is so broad that it gives the trustee the right to make investments of the trust funds in any manner without restriction to so-called *527 legal investments. The language of the paragraph in question reads as follows: ‘ ‘ item four : I hereby grant my said Trustee full power and authority to manage, sell, transfer, assign, vote shares of stock, convey by deed, bill of sale, or otherwise, any part or all of said trust estate, hereby giving and granting unto it such power and authority, as fully and completely as I might possess if living.” Contrary to the contention urged by the executor it is the opinion of this court that the language of Item Four confers only broad administrative powers on the trustee in connection with the property owned by the testatrix at the time of her death. There is no reference to investment powers contained in the paragraph and the direction to the trustee contained in Item Three of the will ‘ ‘ to invest and re-invest the same” does not give the trustee the power to invest the trust funds in nonlegal securities. (Matter of Lewis, N. Y. L. J., Aug. 6, 1946, p. 215, col. 7.) As stated by Judge Delehaxty in that decision: ‘ ‘ The law is well established that in the absence of express authority in a will to the contrary, it is the duty of testamentary trustees to invest funds only in securities authorized by statute for trust investments generally (Matter of Doelger, 254 App. Div. 178, 183, affd. 279 N. Y. 646; Matter of Cornell, 260 App. Div. 287, affd. 284 N. Y. 624).”
The court does not see in this decedent’s will the clear and unmistakable authority which is required to permit a deviation from the rule and the trustee is therefore directed to abide by the provisions of section 21 of the Personal Property Law with respect to all investments made by it as trustee.
The requested identification of the contingent charitable remainderman is academic at this time as the contingency which would make the charitable organization a remainderman of the trust has not occurred. However, as the only two charities that could have been intended by the testatrix as the contingent remainderman have agreed to share the remainder, if and when the contingency occurs, the court finds that it was the intention of the testatrix to name the United Jewish Appeal of Greater New York, Inc., as the contingent remainderman of the trust.
As no one has objected thereto the proposed apportionment of estate taxes as set forth in Schedule “ J ” of the account is approved and the executor is directed to withhold such testamentary assets of the persons being charged with such taxes as is necessary to insure payment of the apportioned taxes. The personal claim of the executor is allowed.