Joseph A. Cox, S.
The administrator c. t. a. in this accounting proceeding has requested the court to construe paragraph fifth of decedent’s will which reads as follows: “ fifth : My executor and trustees shall have full and unrestricted discretionary power and authority to hold, manage, control, improve, grant, convey, deliver, assign, transfer, lease, option, mortgage, pledge, borrow upon the credit of, contract with respect to, or otherwise deal with or dispose of, without application to or order of court the property of my estate without any duty upon any person dealing with them to see to the application of any money or other property delivered to them, it being my express intention to confer upon them by an express enumeration of separate powers. My executor shall have the power in his discretion to retain business properties and other investments now held by me in my estate without liability for business losses.”
It is the contention of the said administrator c. t. a. that the paragraph in question gives the estate fiduciaries the unrestricted power to invest the assets of the estate in both legal and nonlegal investments. Although the court has searched for some intent on the part of the testator to grant the fiduciaries the wide authority now claimed by them it can find no such intent anywhere in the will. There is no express enumeration of separate powers and the wording of paragraph fifth hereinabove set forth indicates to this court only that the testator intended to grant broad administrative powers to the trustee. Nowhere in the said paragraph is there any specific grant of investment powers other than the permission granted to the executor to retain investments without liability for loss. Other than that the paragraph lacks any direction with respect to investments and the power given to the trustees to “ manage ”, coupled as it is with the power to hold, control, improve, grant, convey, lease, etc. cannot be construed as an unrestricted power to invest. In Matter of Carnell (260 App. Div. 287, affd. 284 N. Y. 624), the Appellate Division, at page 290, said: “ In the absence of express authority to the contrary in the will a testamentary trustee must invest the funds in securities authorized by the statute.” The court can find no such express authority in this will and holds, therefore, that the trustee herein has no power to invest the estate assets in anything other than the legal investments explicitly permitted under section 21 of the Personal Property Law. (Matter of Grossman, 29 Misc 2d 526; Matter of *694 Doelger, 254 App. Div. 178, affd. 279 N. Y. 646; Matter of Carnell, supra.)
The court is also requested to determine whether a payment in the sum of $11.10 received from the Electronics Investment Corporation, a mutual investment corporation, which has been designated by the said corporation as a capital gains distribution, shall be distributed to income or to principal. This court has previously held that both capital gains distributions and interest and dividends constitute the earnings of a mutual corporation and that any dividend received from a mutual investment corporation no matter by what terms it may be designated is nevertheless a distribution of earnings and must be allocated to income. (Matter of Appleby, 15 Misc 2d 200; Matter of Byrne, 192 Misc. 451; Matter of Bruce, 192 Misc. 523; Matter of Hurd, 203 Misc. 966.)
The request by the petitioner for leave to pay himself the sum of $2,500 on account of his commissions is granted and if desired an intermediate decree directing the payment of such commissions may be submitted.