John D. Bennett, S.
This is a construction proceeding in which the court is requested to determine whether the will authorized the trustees to invest in nonlegals.
Paragraph “Twelfth” of the will grants to the trustees ‘1 all the powers now available to attorneys in fact under Sections 222 to 233 inclusive of the General Business Law of the State of New York.” Paragraph “ Thirteenth ”, by which the executors and trustees were appointed, repeats this same grant of authority in substantially the same language.
In his own way, the draftsman of this will, drawn in 1962, apparently foreshadowed the work of the Temporary Commission on Estates which has given considerable thought and effort to the adoption in New York State of a statute granting fiduciaries powers ordinarily conferred by will, which are necessary for the efficient administration of estates. Legislation to this effect was enacted this year by chapter 681 and is effective June 1, 1965. An alternative considered by the Temporary Commission but not adopted, was legislation which would permit a grant of powers by reference to a statute incorporating such powers by reference in a manner similar to that in which a power of attorney may be granted for particular items (Report No. 6.4C, 1963).
In the interpretation of investment powers, the courts have generally held that in the absence of express authority in the will to the contrary, a testamentary trustee is limited to investments authorized by statute (Matter of Cornell, 260 App. Div. 287, affd. 284 N. Y. 624; Matter of Doelger, 254 App. Div. 178, affd. 279 N. Y. 646; Matter of Snitzer, 33 Misc 2d 692).
Section 224 of the General Business Law construes the authority of a power of attorney with respect to “ bond, share and commodity transactions ”. Section 224 provides in part as follows: “ (1) * * * to buy, to receive, or otherwise to acquire either ownership or possession of, any bond, share, instrument of similar character, commodity interest or any instrument with respect thereto, together with the interest, dividends, proceeds or other distributions connected therewith * * * (13) in general, and in addition to all the specific acts in this section enumerated, tó do any other act or acts, which the principal can do through an agent, with respect to any interest in any bond, share or other instrument of similar character, commodity, or instrument with respect to a commodity.” (Italics supplied.)
*409 While the exact words 16 invest ” or < 1 investments ’ ’ do not appear in section 224, the substantial equivalents support the conclusion that the trustees here have been granted more than managerial powers and may, in fact, invest in nonlegals. Notwithstanding such authorization, however, the trustees must conform to that standard of care and caution which the law always requires (Matter of Das, 24 Misc 2d 40, 41).